OJS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

UNITED STATES OF AMERICA
c/o GOLDBECK McCAFFERTY & McKEEVER
Mellon Independence Center
701 Market Street
Philadelphia, PA 19106-1532

(b) County of Residence of First Listed Plaintiff ________
(EXCEPT IN U.S. PLAINTIFF CASES

(c) Attorney's (Firm Name, Address, and Telephone Number) Attorneys
GOLDBECK McCAFFERTY & McKEEVER
Michael T. McKeever
701 Market Street - Suite 5000
Philadelphia, PA 19106
215-627-1322 - mmckeever@goldbecklaw.com

**DEFENDANTS**

MICHAEL D. HALBFISH
3400 Westminister Way
Nazareth, PA 18064

County of residence of first listed defendant Northampton County
(in U.S. plaintiff cases only)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys ________

**Attorneys** (if known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ■ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties In Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for (For Diversity Cases Only) and One Box for Defendants)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ■ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(PLACE AN "X" IN ONE BOX ONLY)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☒ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury— Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**V. ORIGIN** *(PLACE AN "X" IN ONE BOX ONLY)*

■ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transfer from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Enforced collections

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): ________

Brief description of cause: ________

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS **A CLASS ACTION** ☐ UNDER F.R.C.P.23
**DEMAND $**
CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ■ NO

**VIII. RELATED CASE(S) IF ANY** **(SEE INSTRUCTIONS):** JUDGE________ DOCKET NUMBER________

DATE **April 16, 2010** SIGNATURE OF ATTORNEY OF RECORD **Michael T. McKeever 56129**

FOR OFFICE USE ONLY

RECEIPT #________ AMOUNT________ APPLYING IFP________ JUDGE________ MAG. JUDGE________

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs.<br>MICHAEL D. HALBFISH<br>Defendants | CIVIL ACTION NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that the defendants do not agree with the plaintiff regarding said designation, that the defendants shall, with their first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which those defendants believe the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks. **(X)**

**4/16/2010**
Date

**s/ Michael T. McKeever**

Michael T. McKeever, Esq.
**Attorney for Plaintiff, United States of America**
Pennsylvania Attorney I.D. No. 56129
Suite 5000 – Mellon Independence Center
701 Market Street
Philadelphia, PA 19106-1532
(215) 825-6303 (Direct)
FAX (215) 825-6403
email: mmckeever@goldbecklaw.com

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case of the purpose of assignment to appropriate calendar.**

**Address of Plaintiff:** c/o Suite 5000 – Mellon Independence Center, 701 Market Street, Philadelphia, PA 10106-1532

**Address of Defendants:** 3400 Westminister Way Nazareth, PA 18064

**Place of Accident, Incident or Transaction:** ACTION OF ENFORCED COLLECTIONS
(Use Reverse Side For Additional Space)

Does this case involve multi-district litigation possibilities? Yes ☐ No ☒

RELATED CASE, IF ANY:

Case Number: ______ Judge: ______ Date Terminated: ______

Civil cass are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court?
   Yes ☐ No ☒

**CIVIL. (Place ☒ in ONE CATEGORY ONLY)**

A. *Federal Question Cases*
1. ☐ Indemnity Contract, Manne contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. Insurance contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury (Please specify)
7. Products Liability
8. Products Liability – Asbestor
9. All other diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
(Check appropriate Category)

I, Michael T. McKeever, Esq., counsel of record do here by certify:

☐ Pursuant to Local civil Rule 52.2. Section 2©(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE: 4/16/10 Michael T. McKeever (sig) Attorney-at-Law 56129 Attorney i.d.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 39.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/16/10 Michael T. McKeever (sig) Attorney-at-Law 56129 Attorney i.d.#

CIV 609 (9/99)

UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**Plaintiff**<br><br>**vs.**<br><br>**MICHAEL D. HALBFISH**<br><br>**Defendant** | **CIVIL NO.** |

## COMPLAINT

The United States of America, on behalf of its Agency, the Department of Education, by its specially appointed counsel, Michael McKeever of GOLDBECK MCCAFFERTY & MCKEEVER, represents as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. 1345.

2. The last-known address of the Defendant, MICHAEL D. HALBFISH ("Defendant") is 3400 Westminister Way, Nazareth, PA 18064.

3. That the defendant is indebted to the plaintiff in principal amount of $18,687.33, plus interest in the amount of $4,126.96 and in principal amount of $10,172.56, plus interest in the amount of $2,275.02, for a combined total of $35,261.86. A true and correct copy of the Certificate of Indebtedness is attached as Exhibit "A" ("Certificate of Indebtedness").

4. Demand has been made upon Defendant by Plaintiff for the sum due but the amount due remains unpaid.

WHEREFORE, the plaintiff demands judgment against Defendant as follows;

(A) In the amount $22,814.29 ($18,687.33 principal and $4,126.96 interest).

(B) In the amount $12,447.58 ($10,172.56 principal and $2,275.02 interest).

(C) Interest from the date of judgment at the legal rate of interest in effect on the date of judgment until paid in full.

Notice is hereby given to Defendant that Plaintiff intends to seek satisfaction of any judgment rendered in it favor in this action from any debt accruing.

United States of America by and through
its specially assigned counsel
Goldbeck McCafferty & McKeever

By:_______________________
Michael McKeever
Mellon Independence Center
701 Market Street
Suite 5000
Philadelphia, PA 19106-1532
(215)825-6303 FAX (215) 825-6403
MMCKEEVER@GOLDBECKLAW.COM

UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **Plaintiff** | **CIVIL NO.** |
| **vs.** | |
| **MICHAEL D. HALBFISH** | |
| **Defendants** | |

# EXHIBITS

## "A" CERTIFICATE OF INDEBTEDNESS

**U.S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #1 of 2**

Michael D Halbfish
aka:
3400 Westminister Way
Nazareth, PA 18064
Account No. XXXXX3878

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 11/30/09.

On or about 08/17/95, the borrower executed promissory note(s) to secure loan(s) of $8,500.00 and $10,000.00 from the U.S. Department of Education. This loan was disbursed for $8,500.00 and $10,000.00 on 08/22/95 and 12/29/95, at a variable rate of interest to be established annually. The loan was made by the Department under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a et seq. (34 C.F.R. Part 685). The Department demanded payment according to the terms of the note, and the borrower defaulted on the obligation on 10/25/02. Pursuant to 34 C.F.R. § 685.202(b), a total of $2,249.27 in unpaid interest was capitalized and added to the principal balance.

The Department has credited a total of $10,595.26 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | | |
|---|---|---|
| Principal: | $ | 18,687.33 |
| Interest: | $ | 4,126.96 |
| Total debt as of 11/30/09 : | $ | 22,814.29 |

Interest accrues on the principal shown here at the current rate of 3.28 percent and a daily rate of $1.68 through June 30, 2010, and thereafter at such rate as the Department establishes pursuant to section 455(b) of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087e.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 3-10-10

Tamara Chrisman
Loan Analyst

Loan Analyst
Litigation Support

**U.S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #2 of 2**

Michael D Halbfish
aka:
3400 Westminister Way
Nazareth, PA 18064
Account No. XXXXX3878

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 11/30/09.

On or about 08/22/94, the borrower executed promissory note(s) to secure loan(s) of $8,500.00 and $10,000.00 from Society National Bank, Wilmington, DE. This loan was disbursed for $8,500.00 and $10,000.00 on 09/16/94, 09/20/94 and 12/09/944, at 3.28 percent interest per annum. The loan obligation was guaranteed by PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AUTHORITY, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $8,509.42 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 09/05/05, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $10,172.56 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 09/25/07, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | | |
|---|---|---|
| Principal: | $ | 10,172.56 |
| Interest: | $ | 2,275.02 |
| Total Debt as of 11/30/09 : | $ | 12,447.58 |

Interest accrues on the principal shown here at the rate of $0.91 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 3-10-10

Tamara Chrisman
Loan Analyst

Loan Analyst
Litigation Support

**U.S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #2 of 2**

Michael D Harofish
aka:
3400 Westminister Way
Nazareth, PA 18064
Account No. XXXXX3878

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 11/30/09.

On or about 08/22/94, the borrower executed promissory note(s) to secure loan(s) of $8,500.00 and $10,000.00 from Society National Bank, Wilmington, DE. This loan was disbursed for $8,500.00 and $10,000.00 on 09/16/94, 09/20/94 and 12/09/944, at 3.28 percent interest per annum. The loan obligation was guaranteed by PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AUTHORITY, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $8,509.42 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 09/05/05, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $10,172.56 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 09/25/07, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | | |
|---|---|---|
| Principal: | $ | 10,172.56 |
| Interest: | $ | 2,275.02 |
| Total Debt as of 11/30/09 : | $ | 12,447.58 |

Interest accrues on the principal shown here at the rate of $0.91 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 3-10-10

Tamara Chrisman
Loan Analyst

Loan Analyst
Litigation Support